IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | : | |
| Plaintiff, | : | |
| v. | : Civ. No. 12-146-LPS | |
| | : Del. Crim. No. 0506005981 | |
| JAMES E. COOKE, JR., | : | |
| Defendant. | : | |

James E. Cooke, Jr., James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Defendant.

## MEMORANDUM OPINION

February 23, 2012
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

On February 7, 2012, pursuant to 28 U.S.C. § 1441, defendant James E. Cooke, Jr. ("Defendant") filed a Notice of Removal of Criminal Case No. 0506005981 from the Superior Court of the State of Delaware in and for New Castle County ("Superior Court").[1] (D.I. 1) He also moves for a continuance of his criminal trial. (D.I. 3) Defendant appears *pro se*. Defendant did not pay the filing fee and did not seek leave to proceed leave to proceed *in forma pauperis*. For the reasons discussed below, the Court will deny the Motion for a Continuance and will summarily remand the criminal matter to the Superior Court. The Court will also deny Defendant *in forma pauperis* status. Should Defendant opt to proceed with this matter as a civil case pursuant to 42 U.S.C. § 1983 he shall pay the filing fee.

## II. BACKGROUND

Defendant awaits retrial of criminal charges, following the reversal of his conviction of rape in the first degree, burglary in the first degree, arson in the first degree, two counts of murder in the first degree, and resultant death sentence. *Cooke v. State*, 977 A.2d 803 (Del. 2009). It appears that jury selection began in the Superior Court on Monday, February 20, 2012.[2] Defendant seeks removal on the grounds that he cannot receive a fair trial, which would result in

---

[1] The removal statutes were amended effective December 7, 2011. *See* 28 U.S.C. § 1441 through § 1455.

[2] *See* http://www.delawareonline.com/article/20120221/NEWS01/202210332/Jury-selection-begins-Cooke-retrial.

1

a violation of his constitutional right to due process. (D.I. 1) He also moves for a continuance of his criminal trial. (D.I. 3)

## III. **LEGAL STANDARDS**

Defendant seeks removal pursuant to 28 U.S.C. § 1441. However, section 1441 pertains to removal of civil actions. Removal of State criminal matters is addressed in 28 U.S.C. § 1455. Pursuant to § 1455(a), a criminal prosecution commenced in a State court may be removed to the district court of the United States for the district and division embracing the place wherein it is pending by filing a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, along with a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.[3] *See* 28 U.S.C. § 1455(a). A notice of removal of a criminal prosecution shall include all grounds for such removal. *See id.* § 1455(b)(2). If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand. *See id.* § 1455(b)(4).

Pursuant to 28 U.S.C. § 1443(1), a criminal action commenced in a State court may be removed by a defendant to the district court if it is an action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."[4] A state

---

[3]Defendant did not provide the Court with a copy of all process, pleadings, and orders as required by 28 U.S.C. § 1455(a).

[4]Section 1443(2) also authorizes removal of state court criminal prosecutions "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). This subsection of 1443 "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law

2

court defendant who seeks removal of a criminal prosecution to federal court under 28 U.S.C. § 1443(1) "must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)). With respect to the first prong, "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Rachel*, 384 at 792 (quoting 28 U.S.C. § 1443(a)). "Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).

## IV. DISCUSSION

### A. Removal

Defendant alleges that he cannot receive a fair trial, which will result in violation of his right to due process. Defendant does not refer to his race. Regardless, giving his notice a liberal construction, the Court will assume that his allegations provide a basis for this Court's proposed exercise of subject matter jurisdiction. Defendant must also show, however, that he cannot enforce his asserted rights in state court. *See In re Weddington*, 2008 WL 686381 (E.D. Pa. Mar. 12, 2008); *see also State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997). As evidenced by the reversal of his criminal convictions and death sentence, Defendant has successfully exercised his right to appeal, including by raising constitutional claims in his state proceedings. It is generally

---

providing for equal civil rights." *City of Greenwood v. Peacock,* 384 U.S. 808, 824 (1966). Since Defendant's action does not fall into this category, § 1443(2) cannot provide a basis of removal.

3

presumed that "the protection of federal constitutional or statutory rights [can] be effected in the pending state proceedings, civil or criminal." *Johnson*, 421 U.S. at 219-20.

In addition, § 1455(b)(1) provides that a notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States District Court may enter an order granting a defendant leave to file the notice at a later time. Defendant was arrested for the charged offenses on June 8, 2005, his arraignment occurred many years ago, he has been tried once, and he now proceeds to retrial. *See State v. Cooke*, 910 A.2d 279, 281 (Del. Super. Ct. 2006). For these reasons, the Court finds that the notice of removal is untimely and, therefore, procedurally defective. In addition, Defendant has not shown good cause for his failure to timely remove the case.

Finally, with regard to Defendant's motion to continue his criminal trial, § 1455(b)(3) specifically provides that "the filing of a notice of removal of a criminal prosecution shall not prevent the State court in which the prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded." Defendant's request for a continuance of the criminal trial should be directed, if at all, to the Superior Court. Therefore, the Court will deny the motion for continuance.

### B. Civil Rights

It may be that Defendant seeks to proceed with this matter as a civil rights case. If so, then he must pay the filing fee as required by statute. The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he has, three or more times in the past, while incarcerated, brought a

4

civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule". *See Keener v. Pennsylvania Bd. of Prob. & Parole*, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule" when the prisoner is in imminent danger of serious physical injury. A prisoner who is not proceeding *in forma pauperis* may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. § 1915(g).

Defendant, while incarcerated, has filed more than three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Cooke v. Morgan*, Civ. No. 11-073-LPS (D. Del. Nov. 14, 2011); *Cooke v. Mechanick*, Civ. No. 11-038-LPS (D. Del. Nov. 14, 2011); *Cooke v. Moodey*, Civ. No. 11-030-LPS (D. Del. Nov. 14, 2011); *Cooke v. Wood*, Civ. No. 10-1014-LPS (D. Del. Apr. 21, 2011). Therefore, he may not file another civil action *in forma pauperis* while incarcerated unless he is in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir. 2001). After reviewing his Complaint, the Court concludes that it does not meet the imminent danger of serious physical injury standard. Based upon the foregoing, Defendant is not excused from the restrictions under § 1915(g), and he may not proceed *in forma pauperis*.

## V. **CONCLUSION**

For the above reasons, the Court will deny the motion for a continuance, summarily remand the criminal case to the Superior Court, and deny Defendant *in forma pauperis* status. Defendant shall pay the $350.00 filing fee should he wish this matter to proceed as a civil rights case.

An appropriate order will be entered.